UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 22-273-DLB

CHRISTOPHER RYAN YOUNG                                                    PLAINTIFF


v.                          **MEMORANDUM OPINION AND ORDER**


KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY                    DEFENDANT

* * * * * * * * * * *

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Christopher Ryan Young's Motion for Summary Judgment (Doc. # 14), filed pursuant to 42 U.S.C § 405(g), which allows Plaintiff to obtain judicial review of an administrative decision by the Social Security Administration.   Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, has filed a Cross-Motion for Summary Judgment (Doc. # 16).   Mr. Young has filed a Reply in support of his Motion for Summary Judgment (Doc. # 17), and the motions are thus ripe for review.   The Court, having reviewed the administrative record and the parties' motions, and for the reasons stated herein, **affirms** the Commissioner's decision.   Accordingly, Mr. Young's Motion for Summary Judgment (Doc. # 14) is **denied**, and the Commissioner's Motion for Summary Judgment (Doc. # 18) is **granted**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Christopher Ryan Young is a 37-year-old resident of Danville, Kentucky.   (Tr. 338-39).   Mr. Young has sought disability benefits from the Social Security Administration

twice: first, through an unsuccessful application filed in 2016, and a second time in 2019. (See Tr. 14).   Mr. Young's most recent application is the subject of this action.   More specifically, Mr. Young filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits with the Social Security Administration on June 24, 2019.  (Tr. 338, 346).  In his applications, Mr. Young alleged disability beginning on January 4, 2014, and continuing through the application date, based on a range of medical conditions, including anxiety, depression, attention-deficit hyperactivity disorder ("ADHD"), obsessive compulsive disorder ("OCD"), carpal tunnel syndrome, degenerative discs in his back, torn rotary cuffs, fibromyalgia, sleep apnea, urinary incontinence, hearing loss, and social phobia.  (*E.g.*, Tr. 370).  Mr. Young's application for DIB and his application for SSI were both initially denied in September 2019 (Tr. 204, 211), and they were denied again on reconsideration in November 2020.  (Tr. 218).  Mr. Young requested a hearing before an Administrative Law Judge ("ALJ") shortly thereafter (Tr. 252), and a telephonic hearing was held before ALJ Christopher Sheppard on June 14, 2021.  (Tr. 14).  The June telephonic hearing before ALJ Sheppard was interrupted by the ALJ having a refrigerator delivered to his home. (Tr. 36, 95).   The hearing was suspended and postponed until August 10, 2021 (Tr. 97), when it was completed successfully.  (Tr. 79). ALJ Sheppard issued an unfavorable decision to Mr. Young in September 2021, finding that he was not disabled as defined by the Social Security Act.  (Tr. 11).  Mr. Young then appealed the ALJ's decision to the SSA Appeals Council, which denied his appeal in August 2022.  (Tr. 1).  That denial precipitated the filing of this action, by which Mr. Young seeks the Court's review of the ALJ's decision.  (*See* Doc. # 1).

## III.   ANALYSIS

### A.   Standard of Review

Judicial review of the Social Security Commissioner's decision is restricted to determining whether the decision is supported by substantial evidence and was made pursuant to proper legal standards.  *See Colvin v. Barnhart*, 475 F.3d 727, 729-30 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)).  Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations.  *Id.* (citing *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Rather, the Court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the Court might have decided the case differently.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).   In other words, if supported by substantial evidence, the Commissioner's findings must be affirmed even if there is evidence favoring Plaintiff's side.  *Id.*; *see also Listenbee v. Sec'y of Health & Hum. Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).   In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole."  *Cutlip*, 25 F.3d at 286.

### B.      The ALJ's Determination

To determine disability, an ALJ conducts a five-step analysis.  *Walters*, 127 F.3d at 529.  Under Step One, the ALJ considers whether the claimant is engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform.  *See id.* (citing 20 C.F.R. § 404.1520).  The burden of proof rests with the claimant for Steps One through Four.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  At Step Five, the burden of proof "shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity."  *Id.* (citing *Bowen*, 482 U.S. at 146 n.5).

Here, before analyzing Mr. Young's claim for benefits, the ALJ acknowledged that Mr. Young had previously applied for disability benefits and received an unfavorable final decision in October 2018.  (Tr. 14).  The ALJ further noted that the law requires an ALJ to defer to prior decisions "unless there is new and material evidence relating to such a finding, or there has been a change in the law, regulations or rulings that affect the finding or the method for arriving at the finding."  (*Id.*) (internal quotations omitted).  Throughout the written opinion, the ALJ incorporated that standard, only considering "new and material evidence" that may not have been considered in Mr. Young's first claim for benefits.  Accordingly, the ALJ wrote that "the relevant period under consideration in this matter begins the day after the date of the prior decision, November 1, 2018."  (Tr. 15).

Mr. Young's appeal addresses medical evidence that was created following 2018, and so deference issues are not implicated here.  (*See* Doc. # 14 at 1).

Nonetheless, the ALJ determined at Step One that Mr. Young had not engaged in substantial gainful activity since November 1, 2018, the beginning of the relevant period in this claim.  (Tr. 17).  At Step Two, the ALJ found that Mr. Young suffers from several severe impairments, including a hearing impairment, residual effects of a motor vehicle collision, rib sprains, lower leg varicosities, sleep apnea, carpal tunnel syndrome, fibromyalgia, migraine headaches, obesity, a depressive disorder, an anxiety disorder, a panic disorder, obsessive compulsive disorder, and post traumatic stress disorder.  (*Id.*).  The ALJ concluded at Step Three that Mr. Young's severe impairments did not meet or medically equal the severity of one of the listed impairments in the Social Security Act, so the analysis proceeded to Step Four.  (Tr. 17-19).  Before completing the fourth step, the ALJ determined that Mr. Young had the residual functional capacity ("RFC") "to perform light work" with several limitations:

> He can have no lifting or carrying more than 20 pounds occasionally, ten pounds frequently.  He can do no standing or walking more than six hours out of an eight-hour day, and for no more than 30 minutes at one time.  He can do no sitting for more than six hours our of an eight-hour day, and for no more than one hour at a time.  He can do frequent pushing or pulling up to the exertrtional limitations.  He can do no reaching overhead bilaterally.  He can do no more than frequent fingering or handling bilaterally.  He can do unlimited balancing, no more than occasional stooping, kneeling, crouching, or climbing ramps or stairs.  He can do no crawling or climbing ladders, ropes, or scaffolds.  He can do no work in areas of concentrated vibration or use of vibrating handles.   He can do no work in sound environments that are more than moderately loud.  He can do no work in areas of concentrated dusts, fumes, gases, or other pulmonary irritants.  He can do no work around dangerous, moving machinery or unprotected heights.  He can do no more than simple, routine work.  He can persist in attention, concentration and pace for two-hour intervals necessary to

complete simple tasks.  He can do no more than occasional interaction with co-workers or supervisors and no more than occasional contact with the general public.  He can do no more than occasional changes in the workplace setting.

(Tr. 19-20).  At Step Four, the ALJ found that Mr. Young was unable to perform any of his past relevant work, adopting the finding of the previous ALJ in Mr. Young's first claim. (Tr. 25-26).  Lastly, at Step Five, the ALJ concluded that given Mr. Young's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform.  (Tr. 26).  More specifically, with the assistance of a vocational expert, the ALJ found that Mr. Young could work as a marker, collator operator, and a router.  (Tr. 27).  Because those jobs could be performed within Mr. Young's RFC, the ALJ concluded that Mr. Young was not disabled within the definitions of the Social Security Act.  (*Id.*).

On appeal to this Court, Mr. Young argues that the ALJ's determination is not supported by substantial evidence because he failed "to adequately evaluate and sufficiently explain his analysis of the restrictions expressed by Yu C. Shih, M.D., [Mr. Young's] treating psychiatrist."  (Doc. # 14 at 1).  After reviewing the filings made by Mr. Young and the Commissioner, the Court finds that Mr. Young's argument does not warrant reversal of the Commissioner's decision, and the decision is thus affirmed for the foregoing reasons.

### C.    Review

As previously stated, "substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip*, 25 F.3d at 286.  The Court cannot weigh the evidence or re-litigate the case, but only examine the sufficiency

6

of the evidence, even if the Court may have decided the case in a different manner.   *See Her*, 203 F.3d at 389-90.   If the ALJ's decision is supported by substantial evidence, the Court must affirm the decision.   *Cutlip*, 25 F.3d at 286.   The Court will evaluate Mr. Young's arguments under this standard.

### 1.   The ALJ's evaluation of Dr. Shih's opinions is supported by substantial evidence.

With respect to the ALJ's finding at Step Four, that Mr. Young has the RFC to perform certain types of work, Mr. Young argues that the ALJ's decision is not supported by substantial evidence because the ALJ assigned little weight to the opinions of Dr. Shih, Mr. Young's treating psychiatrist.  (Doc. # 15 at 9).  More specifically, Mr. Young asserts that "the ALJ's analysis is flawed and that it fails to properly and adequately address the supportability and consistency factors, as contemplated under [the Social Security regulations]." (Doc. # 14-1 at 9).  Unfortunately for Mr. Young, his argument is unavailing.

The Social Security regulations provide that an ALJ must determine a claimant's RFC, which "is defined as the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." *Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 405 (6th Cir. 2018) (internal quotations omitted).  The regulations require that an ALJ assess a claimant's RFC "based on all of the relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  Accordingly, "'an ALJ may not selectively include only those portions of the medical evidence that places claimant in a capable light, and fail to acknowledge evidence that potentially supports a finding of disability' such that they 'cherry-picked' the record." *Mann v. Kijakazi*, No. 2:22-CV-55-DCP, 2023 WL 3276472, at *8 (E.D. Tenn. May 5, 2023) (quoting *Davidson v.*

*Berryhill*, No. 16-CV-2521, 2017 WL 4682343, at *17 (N.D. Ohio Oct. 18, 2017) (collecting cases).

However, an ALJ "need not discuss every piece of evidence in the record for his decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004); *Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 545 (6th Cir. 2018) ("[T]he ALJ was not required to explain every piece of evidence in the record . . . as [a]n 'ALJ can consider all the evidence without directly addressing . . . every piece of evidence.'" (quoting *Loral Defense Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999)).  With specific respect to arguments about cherry-picking in SSA cases, the Sixth Circuit has "cautioned that [such] allegations . . . are 'seldom successful' because they are invitations to reweigh the evidence, which a reviewing court may not do." *Paquette v. Saul*, No. 19-CV-12006, 2020 WL 6391311, at *5 (E.D. Mich. July 29, 2020) (quoting *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014)).

In considering medical evidence to formulate a claimant's RFC, an ALJ must evaluate the persuasiveness of medical opinions considering certain factors, including supportability, consistency, relationship with the claimant, specialization, and other factors, including familiarity with the other evidence involved in a claim.  20 C.F.R. § 404.1520c(e)(1)-(5).  Of these factors, the regulations provide that supportability and consistency are the "most important," and they further require that an ALJ explain how he or she considered supportability and consistency in assigning weight to a medical opinion, while explanation of the other factors is optional.  *Id.* at (b)(2).  Supportability is defined as "the objective medical evidence and supporting explanations provided by a medical source [] to support his or her medical opinion(s)," *id.* at (c)(1), and consistency is defined

as how "consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim[.]"  *Id.* at (c)(2).

Here, at Step Four, the ALJ concluded that Mr. Young's RFC would allow him to "perform light work" with many limitations, as previously detailed.  (Tr. 19-20); *supra* part III.B.   In explaining how he reached that conclusion, the ALJ evaluated the persuasiveness of each of the medical opinions contained in the record.  (Tr. 24-25).  With respect to state agency medical consultants Dr. Fister and Dr. Mukherjee, the ALJ found their opinions to be persuasive.  (Tr. 24).  He found the opinions of state agency psychological consultants Dr. Brake and Dr. Vandivier to be persuasive.  (Tr. 25).  Lastly, the ALJ found the opinions of Dr. Shih, Mr. Young's treating psychiatrist, to be unpersuasive.  (*Id.*).  Mr. Young now take issue with the ALJ's persuasiveness finding with respect to Dr. Shih because Dr. Shih provided an opinion that Mr. Young's abilities are more limited than Mr. Young's RFC as determined by the ALJ, and as supported by other medical evidence.  (*See* Doc. # 14).  More specifically, the ALJ explained:

> [Dr. Shih's] opinion is not persuasive and has not been relied upon as such severe limitations are not supported by, or consistent with, the record. . . . There is no evidence of psychiatric hospitalizations or instances of decompensation requiring emergency treatment.  There is some evidence of improvement in symptoms in psychiatric and therapy records as discussed.  Dr. Shih's own records also frequently find the claimant to be cooperative, fully oriented, and with adequate or only mildly impaired memory and concentration on clinical exam.

(Tr. 25) (internal citations omitted).

According to Mr. Young, the ALJ "failed to . . . 'explain *how* he considered the supportability and consistency factors."  (Doc. # 14-1 at 11) (quoting 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2) (emphasis in original).  The Court does not agree.  As

Mr. Young himself notes, "ALJs are required to provide reasons that 'build an accurate and logical bridge between the evidence and the result.'" (*Id.*) (quoting *Terhune v. Kijakazi*, No. 3:21-CV-37-KKC, 2022 WL 2910002, at *3 (E.D. Ky. July 22, 2022)).  The ALJ here built such a "logical bridge," writing that no evidence supported Dr. Shih's assertion that "the claimant has extreme limitations in nearly every area of mental functioning," including that Mr. Young had never been hospitalized, his symptoms had improved, and that Dr. Shih's own notes "frequently [found] the claimant to be cooperative, fully oriented, and with adequate or only mildly impaired memory and concentration[.]"  (Tr. 25) (internal citations omitted).

In short, the portions of the administrative record cited by the ALJ confirm that his persuasiveness determination with respect to Dr. Shih's medical opinion is supported by substantial evidence.  The Court's analysis stops there, as the Court cannot reweigh the evidence and make its own credibility determinations.  *Her*, 203 F.3d at 389-90; *see also Kreilach v. Comm'r of Soc. Sec.*, 621 F. Supp. 3d 836, 847-48 (N.D. Ohio 2022) (finding substantial evidence supporting a credibility determination where ALJ provided reasons for her determination); *Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, at *2 2022 WL 17348838 (6th Cir. Dec. 1, 2022) (writing that a plaintiff's attempt to argue an incorrect application of supportability and consistency is nothing more than a "veiled attempt to have [the court] reweigh the evidence.") (citing *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 341-43 (6th Cir. 2008)).

To the extent that Mr. Young objects to the ALJ's reliance on longitudinal evidence that Mr. Young's conditions have "remained roughly the same", the Court notes that the ALJ's noticing a lack of worsening is not an equation to "asymptomatic or non-disabling"

as stated by Mr. Young. (Doc. # 14-1 at 9) (quoting Tr. 25).  Rather, the ALJ was addressing the degree to which Dr. Shih's opinions were consistent with the remainder of the record, as other medical sources also noted the same longitudinal consistency (Tr. 24-25), but Dr. Shih came to a different conclusion.  In other words, Dr. Shih's inconsistency with respect to disability but his consistency with respect to the stability of Mr. Young's conditions and symptoms undercut Dr. Shih's disability conclusions – which provides another "logical bridge" to the ALJ's determination, meaning that it is supported by substantial evidence.  *Terhune*, 2022 WL 2910002, at *3.  As previously stated, persuasiveness and credibility determinations are reserved exclusively to the ALJ, and the Court cannot re-weigh the evidence.  *Her*, 203 F.3d at 389-90

## IV.    CONCLUSION

In close, the Court again notes that in reviewing the decision of an ALJ, the Court cannot re-litigate a case, and it cannot re-weigh the evidence.  *Id.*  Even if the Court may have decided a case differently, the Court must affirm the ALJ's decision if it is supported by substantial evidence.  *Cutlip*, 25 F.3d at 286.  In this case, for the reasons stated herein, the ALJ's decision is supported by an ample amount of substantial evidence, and thus it will be **affirmed**.

Accordingly, **IT IS ORDERED** that:

(1)    Mr. Young's Motion for Summary Judgment (Doc. # 14) is **DENIED**;

(2)    The Commissioner's Motion for Summary Judgment (Doc. # 16) is **GRANTED**;

(3)    This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and;

(4)    A corresponding Judgment shall be entered herewith.

This 26th day of June, 2023.



Signed By:

*David L. Bunning*

United States District Judge

K:\DATA\SocialSecurity\MOOs\Lexington\5-22-273 Young.docx